UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARVIN WALL, | ) | CV F- 05-0818 AWI DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | ) | |
| WARDEN MCGRATH, et. al., | ) | OBJECTIONS DUE MAY 10, 2007 |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's amended complaint filed June 26, 2006. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

1 may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
2 Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

3      Plaintiff names Correctional Sergeant Rodman and Correctional Officer Buckley as
4 defendants in this action.  Plaintiff states that he was housed in the Psychological Services Unit at
5 Pelican Bay State Prison.  He alleges that on February 25, 2003, defendant M. Buckley denied his
6 legal property by alleging it was an unauthorized package despite it being clearly labeled "Legal
7 Material/Property."  He alleges that defendant G. Rodman denied his appeal regarding the legal
8 property and authorized it to be sent back to the sender.  Plaintiff contends the package contained
9 trial transcripts that related to a habeas corpus petition he is currently litigating.  Plaintiff contends it
10 is difficult for him to effectively litigate the habeas petition without the trial transcripts.

11      Plaintiff's allegations are insufficient to state a cognizable claim against the named
12 defendants.  As plaintiff was previously informed, a prisoner alleging a violation of his right of
13 access to the courts must demonstrate that he has suffered "actual injury."  Lewis v. Casey, 518 U.S.
14 343, 349-50 (1996).  The right to access the courts is limited to direct criminal appeals, habeas
15 corpus proceedings, and civil rights actions challenging conditions of confinement.  Id. at 354-55.
16 "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library
17 or legal assistance program is sub-par in some theoretical sense."  Id. at 351.  Rather, the inmate
18 "must go one step further and demonstrate that the library or legal assistance program hindered his
19 efforts to pursue a legal claim."  Id.  The actual-injury requirement mandates that an inmate
20 "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.
21 In Lewis v. Casey, the Supreme Court defined prisoners' right of access to the courts as simply the
22 "right to bring to court a grievance."  Id. at 354.  The Court specifically rejected the notion that the
23 state must enable a prisoner to "litigate effectively once in court."  Id. (quoting and disclaiming
24 language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan,
25 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to
26 the pleading stage of a civil rights action or petition for writ of habeas corpus).  Here, plaintiff
27 alleges that he was denied access to his legal property but he admits that he was able to file his
28

habeas petition and further that he is currently litigation the petition.  Plaintiff does not allege any "actual injury."  Thus, plaintiff fails to state a claim for relief under section 1983.

To the extent plaintiff alleges that defendant Rodman improperly denied his appeal, these allegations also fail to state a cognizable claim under section 1983.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)  (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10.  Thus, the failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.

In summary, plaintiff has failed to state any cognizable claims for relief against the named defendants and therefore the Court recommends that the action be dismissed.  The Court does not recommend that plaintiff be granted leave to file an amended complaint because he was previously granted leave to amend and was unable to cure the deficiencies of the previous complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before May 10, 2007, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **April 16, 2007**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE