1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10
11   **MARVIN WALL,**                      **1:05-cv-00818-AWI-DLB-P**
12                    **Plaintiff,**        **ORDER ADOPTING FINDINGS AND**
                                            **RECOMMENDATIONS (Doc. 23)**
13   **vs.**
                                            **ORDER DISMISSING COMPLAINT WITH**
14                                          **LEAVE TO AMEND TO ALLEGE A FIRST**
     **WARDEN McGRATH, et al.,**            **AMENDMENT INTERFERENCE WITH**
15                                          **MAIL CLAIM ONLY**
16                    **Defendants.**       **ORDER REFERRING ACTION TO**
                                            **MAGISTRATE JUDGE**
     _____/
17

18        Plaintiff, Marvin Wall ("Plaintiff"), is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a

20   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

21        On April 17, 2007, the Magistrate Judge filed Findings and Recommendations that

22   recommended the amended complaint be dismissed without leave to amend for failure to state a

23   claim.   The Findings and Recommendations were served on Plaintiff and contained notice to

24   Plaintiff that any objections to the Findings and Recommendations were to be filed on or before

25   May 10, 2007.

26        On May 4, 2007, Plaintiff filed objections to the Magistrate Judge's Findings and

27   Recommendations.

28

                                            1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,

2  this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

3  the court finds the Findings and Recommendations to be supported by the record and by proper

4  analysis.

5    However, the objections do raise one issue not addressed by the Magistrate Judge.   In the

6  amended complaint, Plaintiff complains that Defendant M. Buckley denied his legal property by

7  alleging it was an unauthorized package.   Plaintiff states that the package contained trial

8  transcripts which Plaintiff needed to litigate his habeas corpus petition.  The Magistrate Judge

9  found that this claim did not state a claim for a denial of Plaintiff's First Amendment right to

10 access the courts.   Because Plaintiff had been able to file his habeas corpus petition and this

11 petition is currently pending, the Magistrate Judge correctly found that Plaintiff had failed to

12 allege an actual injury.

13   In the objections, Plaintiff alleges that Defendants acted oppressively and abusively when

14 they deprived him of his mail.  While Plaintiff cites to the Fourteenth Amendment, it appears that

15 Plaintiff is attempting to allege a First Amendment claim based on prison officials' interference

16 with his mail.  Such a First Amendment claim is a separate claim from the First Amendment

17 access to the courts claim addressed by the Magistrate Judge.

18   Prior to dismissal of a complaint, the court should give a plaintiff notice of the

19 complaint's pleading deficiencies and an opportunity to amend.  See  Lopez v. Smith, 203 F.3d

20 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may

21 be granted to extent that complaint's deficiencies can be cured);  Noll v. Carlson, 809 F. 2d 1446,

22 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend

23 prior to dismissing for failure to state a claim).   In this action the court has presumed Plaintiff

24 was proceeding with a First Amendment access to the courts claim.   As such, the court has never

25 advised Plaintiff concerning a First Amendment interference with mail claim.   Accordingly, the

26 court finds that Plaintiff should be allowed to file a second amended complaint that pleads ***only*** a

27 First Amendment interference with mail claim.

28   Prisoners have "First Amendment right to send and receive mail."  Witherow v. Paff, 52

2

1  F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are

2  analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-

3  91 (1987).  Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is

4  reasonably related to legitimate penological interests.  Turner, 482 U.S. at 89.  In determining the

5  reasonableness of the regulation, court must consider the following factors: (1) whether there is a

6  "valid, rational connection between the regulation and the legitimate government interest put

7  forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the

8  impact that the "accommodation of the asserted constitutional right will have on guards and other

9  inmates," and (4) "the absence of ready alternatives."  Turner, 482 U.S. at 89-90.   Based on

10  these standards, it may be possible for Plaintiff to amend the complaint to allege that his First

11  Amendment right against interference with his mail was violated when Defendant  M. Buckley

12  refused to give Plaintiff his mail.

13         Accordingly, the court will provide Plaintiff with the opportunity to file a second

14  amended complaint, if Plaintiff wishes to do so, that alleges a First Amendment interference with

15  mail claim against Defendant M. Buckley.   If Plaintiff chooses to amend the complaint, Plaintiff

16  must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's

17  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must

18  allege in specific terms how Defendant M. Buckley was involved.  There can be no liability

19  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

20  defendant's actions and the claimed deprivation.  See  Rizzo v. Goode, 423 U.S. 362 (1976);

21  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

22  1978).

23         Based on the foregoing, it is HEREBY ORDERED that:

24    1.    The Findings and Recommendations, filed April 17, 2007, are ADOPTED;

25    2.    The complaint is DISMISSED with leave to amend to allege a First Amendment

26          interference with mail claim;

27    3.    The Clerk of the Court is DIRECTED to send Plaintiff a civil rights complaint

28          form;

4.   Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint that alleges **only** a First Amendment interference with mail claim;

5.   Plaintiff is FOREWARNED that failure to comply with this order will result in the dismissal of this action; and

6.   This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:    June 30, 2007**                           _____/s/ Anthony W. Ishii_____
                                                     UNITED STATES DISTRICT JUDGE