# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WALL,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BUCKLEY, et al.,<br><br>        Defendants. | CASE NO. 1:05-cv-0818-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 39) |

I.     <u>Findings and Recommendations Addressing Defendant's Motion to Dismiss</u>

    A.     <u>Procedural History</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed July 19, 2007, against defendant Buckley for opening his legal mail outside plaintiff's presence in violation of plaintiff's rights under the First Amendment. On July 9, 2008, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant Buckley filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). (Doc. 39.) Plaintiff filed an opposition on August 4, 2008[1] and defendant filed a reply on August 7, 2008. (Docs. 40, 41.)

    B.     <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 17, 2008. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 33.)

1

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

1    In his complaint, plaintiff alleges that he filed an inmate appeal and completed the grievance
2 process. (Doc. 26, § III.) Plaintiff states that his "602 was denied." (Id.)
3    In his motion, defendant argues that he is entitled to dismissal of this action because plaintiff
4 failed to pursue his appeal to the third and final level of review. In support of the motion, defendants
5 submit evidence that plaintiff filed inmate grievance PBSP-E03-00807on March 24, 2003,
6 concerning defendant opening a package containing plaintiff's legal mail, outside of plaintiff's
7 presence. Doc. 39, Decl. of C. Wilber. This grievance was denied at the first level of review and
8 plaintiff did not further appeal this grievance. Doc. 39, Decl. Of Wilber, ¶8.
9    Defendants have met their burden as the parties moving for dismissal. The burden therefore
10 shifts to plaintiff. Plaintiff may not simply rely on allegations in the complaint, and must instead,
11 oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the
12 exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza, 837 F.2d at 369.
13    In his opposition, plaintiff contends that on April 29, 2003, his appeal was denied at the first
14 level. Plaintiff states that shortly thereafter, he was transferred to administrative segregation and did
15 not have "legal utensils or property" and was therefore unable to pursue his appeal. (Doc. 40,
16 Plaintiff's Opposition, p. 2:10-15.) Plaintiff states that once he reached Corcoran SHU, all his
17 attempts to appeal were denied due to time constraints. Id. at 2:16-23. Plaintiff argues that he made
18 every attempt to exhaust his administrative remedies while in administrative segregation but CDCR
19 staff was slow to issue legal materials which would allow him to pursue his appeal. Id. at 2: 8-12.
20    Plaintiff concedes that he did not pursue his grievance beyond the first level but argues that
21 he was unable to do so because he did not have a pencil or grievance forms. However, plaintiff has
22 no submitted no evidence or even alleged that he requested the materials he needed to pursue his
23 appeal. In addition, defendants have submitted evidence that plaintiff was able to file other appeals
24 during this time period. Doc. 39, Decl. of Wilber, p.3. Thus plaintiff has failed to demonstrate that
25 he was "unable" to exhaust his administrative remedies or that the process was made "unavailable"
26 to him. Indeed plaintiff has presented no evidence that he attempted to properly utilize the process
27 to exhaust his appeal. Plaintiff's attempts to file untimely appeals regarding the incident do not
28 change the result as "proper exhaustion of administrative remedies is necessary" and the exhaustion

requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 2386. Accordingly, defendants are entitled to dismissal of this action based on plaintiff's failure to exhaust.

D.   Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to dismiss for failure to exhaust, filed July 9, 2008 be GRANTED, and this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 22, 2008**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

4