# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WALL, | CASE NO. 1:05-cv-0818-AWI-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST |
| v. | |
| M. BUCKLEY, et al., | (Documents #39 & #42) |
| Defendants. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |

Plaintiff Marvin Wall ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 23, 2008, the Magistrate Judge filed a Findings and Recommendations that recommended Defendants' motion to dismiss be granted and the complaint be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. The Findings and Recommendations were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On October 21, 2008, Plaintiff filed an Objection.

//

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. Plaintiff did not exhaust the underlying issue in this action – Defendant Buckley's opening of Plaintiff's legal mail outside Plaintiff's presence in violation of the First Amendment. In the objections, Plaintiff contends that he was unable to file an appeal until he found out that Defendants had not sent the package at issue back to his family. Plaintiff submits appeals in which he complains about Defendants' failure to return the package that were denied as untimely. In the court's July 2, 2007 order the court allowed Plaintiff leave to amend the complaint to allege ***only*** a First Amendment interference with mail claim against Defendant Buckley. <u>See</u> July 2, 2007 Court Order, Document #25. Any appeals concerning the loss of Plaintiff's property are not relevant because this action does not concern a due process deprivation of property claim. Plaintiff may not change the nature of this suit by adding prohibited new claims in his objections. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Thus, it is not relevant whether Defendants created a situation where the administrative appeals process was unavailable to appeal Defendants' failure to return the property.

The court does note that Plaintiff alleged in the opposition, and alludes to in the objections, that he did not appeal the allegations concerning Defendant Buckley opening the package because Plaintiff did not have a pencil or the proper forms in administrative segregation. As explained by the Magistrate Judge, Plaintiff has submitted no evidence, such as a declaration, as opposed to argument that he did not have the required materials or that he requested such materials. Thus plaintiff has failed to demonstrate that he was "unable" to exhaust his administrative remedies or that the process was made "unavailable" concerning Plaintiff's First Amendment claim against Defendant Buckley

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 23, 2008, is adopted in full;
2. Defendant's motion to dismiss for failure to exhaust, filed July 9, 2008 is GRANTED;
3. This action is dismissed without prejudice; and

1     4.    The Clerk of the Court is DIRECTED to close this action.

3 IT IS SO ORDERED.

4 **Dated:**   **December 15, 2008**           **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE